## IN THE COURT OF APPEALS OF TENNESSEE
### WESTERN SECTION AT NASHVILLE

|  |  |
|---|---|
| ) | |
| ) | |
| ) | From the Probate Court |
| IN RE: ESTATE OF ORA SLOAN ) | |
| BLANKENSHIP, Deceased ) | for Davidson County, Tennessee |
| ) | |
| KATHERINE SLOAN BRADEN and ) | The Honorable William Harbison, Judge |
| STEVE SLOAN, ) | |
| ) | Davidson Probate No. 94 P 1003 |
| Plaintiffs/Appellants, ) | Appeal No. 01A01-9607-CV-00290 |
| ) | |
| v. ) | **AFFIRMED** |
| ) | |
| BILLIE ANN GANN, ) | Dennis Clifton Wright |
| ) | Madison, Tennessee |
| Defendant/Appellee. ) | |
| ) | John H. Lowe |
| ) | Goodlettsville, Tennessee |
| ) | Attorneys for Plaintiffs/Appellants |
| ) | |
| ) | Shawn J. McBrien |
| ) | Lebanon, Tennessee |
| ) | Attorney for Defendant/Appellee |

**FILED**

**July 9, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

### RULE 10 ORDER AND OPINION

This matter appears appropriate for consideration pursuant to Rule 10(a) of the Rules of the Court of Appeals of Tennessee.[1]

In this case, the decedent, Ora Sloan Blankenship ("Blankenship"), 84 years old, died on June 24, 1994. Subsequently, a petition was filed to probate Blankenship's alleged holographic will. The purported holographic will named one of Blankenship's sisters, Kathryn Braden ("Braden") and Blankenship's nephew, Steve Sloan ("Sloan") as co-representatives of the estate.

Another of Blankenship's sisters, Billy Gann, filed a response to the petition, in which she asserted that Blankenship was not of sound mind at the time the will was executed, that Sloan unduly influenced Blankenship to execute the will, and that the will was not properly executed.

---

[1]Rule 10 (Rules of the Court of Appeals of Tennessee). <u>Affirmance Without Opinion</u>. -- (a) The Court, with the concurrence of all judges participating in the case, may affirm the action of the trial court by order without rendering a formal opinion when an opinion would have no precedential value and one or more of the following circumstances exist and are dispositive of the appeal:

(1) the Court concurs in the facts as found or as found by necessary implication by the trial court.

(2) there is material evidence to support the verdict of the jury.

(3) no reversible error of law appears.

The matter was tried before a jury. Witnesses for both parties, including experts, testified regarding Blankenship's statements regarding the alleged will, errors or mistakes in the document, which portions of the document were in Blankenship's handwriting and which portions were written by other persons, and whether the document was intended to be a will or merely notes intended to assist a lawyer in preparing a will.

At the conclusion of the proof, the jury returned a jury verdict form which found that (1) the document in question was not Blankenship's last will and testament, (2) the alleged will was obtained through Sloan's undue influence over Blankenship, and (3) at the time the alleged will was executed, Blankenship had the required mental capacity to execute a will. Therefore, the alleged will was declared invalid and the estate ordered to proceed intestate.

Subsequently, the plaintiffs, the proponents of the alleged will, filed a motion for a new trial. The trial court considered the motion and found that there was insufficient evidence to support the jury's finding that the alleged will was obtained through Sloan's undue influence. However, the trial court found sufficient evidence to support the jury's conclusion that the document in question was not a properly executed holographic will and, consequently, ordered the estate to proceed intestate. The plaintiff proponents of the alleged will then filed this appeal.

On appeal, the appellants assert that the evidence was insufficient to support a finding that the document in question was not Blankenship's properly executed last will and testament. Findings of fact by a jury may be set aside on appeal only if there is no material evidence to support the verdict. Rule 13(d) of the Tenn. Rules of Civ. Proc.

From our examination of the record, we find material evidence to support the verdict of the jury and no reversible error of law by the trial court. Therefore, the judgment is affirmed.

Affirmed. Costs are hereby assessed against the Appellants, for which execution may issue if necessary.

_____
**HOLLY KIRBY LILLARD, J.**

_____
**W. FRANK CRAWFORD, P.J., W.S.**

_____
**ALAN E. HIGHERS, J.**